STATE OF LOUISIANA

VERSUS

JERMAN NEVEAUX

NO. 22-K-426

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-4029 & 16-6301, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING


September 28, 2022


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson


**WRIT GRANTED; JUDGMENT VACATED; REMANDED WITH
INSTRUCTIONS**
    **JGG**
    **FHW**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
      Thomas J. Butler

COUNSEL FOR DEFENDANT/RELATOR,
JERMAN NEVEAUX
      Christine M. Lehmann
      Elliott T. Brown

**GRAVOIS, J.**

Relator/defendant, Jerman Neveaux, seeks this Court's supervisory review of the trial court's September 1, 2022 judgment which denied his "Motion to Recuse Judge Miller Under the Amended La. C.Cr.P. [art.] 671(B)." For the reasons that follow, we grant this writ application, vacate the trial court's judgment, and remand the matter with instructions.

On October 13, 2016, defendant was indicted for the first degree murder of Jefferson Parish Sheriff's Office ("JPSO") Detective David Michel. In January 2022, defendant filed a "Motion to Recuse" Judge Nancy Miller based on La. C.Cr.P. art. 671(A)(1) and (6).[1] Therein, he argued that Judge Miller must be recused due to the appearance and risk of partiality because her husband is a JPSO sergeant who was involved in the instant case in his law enforcement capacity. Judge Miller referred the matter for appointment of another judge to hear the motion, and in due course, a hearing was conducted before a randomly appointed judge (Judge Stephen Grefer), who denied the "Motion to Recuse." Defendant filed a writ application with this Court challenging the trial court's ruling, which this Court denied. *See State v. Neveaux*, 22-K-119 (La. App. 5 Cir. 3/24/22) (unpublished writ disposition), *writ denied*, 22-676 (La. 6/1/22), 338 So.3d 490.

On August 30, 2022, defendant filed a second motion to recuse that was entitled, "Motion to Recuse Judge Miller Under the Amended La. C.Cr.P. [art.] 671(B)." In his motion, defendant argued that La. C.Cr.P. art. 671 was amended,

---

[1] Louisiana Code of Criminal Procedure article 671(A)(1) and (6) stated at the time the "Motion to Recuse" was filed:

> A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:
>
> > (1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
>
> > * * *
>
> > (6) Would be unable, for any other reason, to conduct a fair and impartial trial.

effective August 1, 2022, and that under this new mandatory ground for recusal, a judge shall be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner. Defendant argued that the new mandatory standard for recusal in criminal cases is broader than what was allowed under the law when he filed his first motion to recuse. Defendant asserted that although there was no jurisprudence interpreting this additional ground for recusal in criminal law, this Court had recently examined and applied the identical recusal standard in a civil case, *Anderson v. Dean*, 22-C-233 (La. App. 5 Cir. 7/25/22) (unpublished writ disposition). He contended that Judge Miller's husband's involvement in the instant case created a substantial and objective basis that would reasonably be expected to prevent Judge Miller from conducting any aspect of this case in a fair and impartial manner. As such, defendant argued that recusal is mandatory.

On September 1, 2022, the trial court denied the motion to recuse, stating in pertinent part:

> The instant motion to recuse raises no new factual basis for recusal. The recusal was fully litigated and writs [were] denied by the court of appeal and the state supreme court. The instant motion is based solely on the recent amendment to La. C.Cr.P. [a]rt. 674. The defendant provides no legal support for retroactive application of the amendment [to] La. C.Cr.P. art. 674, and there is no indication in the legislative history that this was the intent of [the] legislature. The Court therefore finds that the instant motion to recuse is repetitive and untimely.

Louisiana Code of Criminal Procedure article 671, which provides the grounds for recusal of a judge in criminal cases, was amended by Acts 2022, No. 42, § 1, with an effective date of August 1, 2022, and provides in pertinent part:

> B. In a criminal cause, a judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

The comments to Article 671 provide in pertinent part:

a) This Article generally follows Code of Civil Procedure Article 151, with such adaptations as are necessary to adjust the grounds for recusal to the special differences in criminal proceedings.

* * *

(i) A new Paragraph B has been added to provide an additional mandatory ground for recusal when a substantial and objective basis exists that would reasonably be expected to prevent the judge from conducting any aspect of the case in a fair and impartial manner. This provision is intended to serve as a catch-all supplementing the mandatory grounds for recusal set forth in Paragraph A and to incorporate a clearer, more objective standard than the language of Canon 3C of the Code of Judicial Conduct, which provides that a judge should recuse himself when "the judge's impartiality might reasonably be questioned."

Louisiana Code of Criminal Procedure article 674, which sets forth the procedure for recusal of a trial judge in criminal cases, was also amended at the same time as Article 671 with the same effective date, and provides:

A. A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusal under Article 671. The motion shall be filed not later than thirty days after discovery of the facts constituting the ground upon which the motion is based, but in all cases at least thirty days prior to commencement of the trial. In the event that the facts constituting the ground for recusal occur thereafter or the party moving for recusal could not, in the exercise of due diligence, have discovered such facts, the motion to recuse shall be filed immediately after the facts occur or are discovered, but prior to verdict or judgment.

B. If the motion to recuse sets forth facts constituting a ground for recusal under Article 671, not later than seven days after the judge's receipt of the motion from the clerk of court, the judge shall either recuse himself or refer the motion for hearing to another judge or to an ad hoc judge as provided in Article 675.

C. If the motion to recuse is not timely filed in accordance with Paragraph A of this Article or fails to set forth facts constituting a ground for recusal under Article 671, the judge may deny the motion without referring the motion to another judge or to an ad hoc judge for hearing but shall provide written reasons for the denial.

Upon review of this writ application, for the following reasons, we find that the trial court erred in denying the motion to recuse as untimely and repetitive.

First, the trial court mistakenly states that the instant motion is based solely on the

recent amendment to La. C.Cr.P. art. 674.  Rather, we find that defendant's current motion to recuse is based on the recent amendment to La. C.Cr.P. art. 671, which added a new ground for recusal of a trial judge in criminal cases.  Since La. C.Cr.P. art. 671 provides a new ground for recusal, we find that the trial judge should have applied the new standard set forth in La. C.Cr.P. art. 671(B) to the facts in the instant case to determine if she should recuse herself or refer the motion to another judge.  Additionally, the amendments to the recusal articles in criminal cases became effective on August 1, 2022, and defendant filed his new motion to recuse on August 30, 2022.  Therefore, the motion is timely as it was filed within thirty days after discovery of the facts constituting the ground upon which the motion is based and it does not appear that a trial date has been set.  *See* La. C.Cr.P. 674.

Accordingly, we grant defendant's writ application, vacate the trial court's September 1, 2022 judgment on defendant's second motion to recuse, and remand the matter with instructions to the trial court to consider the merits of defendant's second motion to recuse under La. C.Cr.P. art. 671(B), and to either recuse herself in accordance with La. C.Cr.P. art. 674 or to refer the motion to another judge for hearing as provided in La. C.Cr.P. arts. 674 and 675.[2]

**WRIT GRANTED; JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS**

---

[2] Louisiana Code of Criminal Procedure article 675 provides the law regarding the selection of a judge *ad hoc* to try a motion to recuse and provides in pertinent part:

> B.  In a court having more than two judges, the motion to recuse shall be referred to another judge of the court through a random process as provided by the rules of court.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 28, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
CURTIS B. PURSELL
CLERK OF COURT

**22-K-426**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
THOMAS J. BUTLER (RESPONDENT)          ELLIOTT T. BROWN (RELATOR)

**MAILED**
CHRISTINE M. LEHMANN (RELATOR)
ATTORNEY AT LAW
636 BARONNE STREET
NEW ORLEANS, LA 70113